**NATIONAL SAVINGS & TRUST CO. et al.**
**v. BAKER et al.**

Civ. No. 33380.

United States District Court
District of Columbia.

Aug. 31, 1948.

John M. Lynham, of Washington, for plaintiffs.

Wilton H. Wallace, Henry F. Lerch, John Lewis Smith, John Lewis Smith, Jr., Seymour Sheriff, N. A. Townsend, Lawrence J. Simmons, all of Washington, D. C., for defendants.

Hubert G. King, of Washington, D. C., guardian ad litem for Joseph B. Edmonston.

LETTS, District Judge.

The trustees under the will of Richard C. Lewis, deceased, have asked the Court to construe the will and the trust provi-

sions therein found. All necessary parties have filed their answers, including the defendant Joseph B. Edmonston, non compos mentis, who in the judgment of the Court is properly represented and whose interests are fully before the Court.

The matter of construing the will is presently before the Court upon a Motion for Judgment on the pleadings by Hubert G. King, guardian ad litem for the infant defendants Morton Loomis Ring, Jr., and Richard Loomis Ring.

The controversy largely relates to the time when the trusts declared by the testator will terminate. A reading of the will leads to the conclusion that the testator's paramount intent was to provide for his wife and his three granddaughters, Nettie W. Baker, Marie Edmonston and Catherine Virginia Ring out of income for their natural lives. It seems to have been his purpose to reserve the corpus for distribution among his great grandchildren, or more definitely as stated in the will, to the issue of the testator per stirpes at the termination of the trusts. As I read the will the trusts will terminate with the death of the last life tenant. Of the life tenants menioned in the will, two now survive, Nettie W. Baker and Catherine Virginia Ring.·

█ The conclusion just announced will not permit of doubt, when prominence is given to Item II paragraph Four of the will. Any seeming ambiguity as to the termination of the trusts is cleared up when paragraph Four of Item II is read in its entirety; and in view of the fact that Catherine Virginia Ring is still alive it becomes imperative to place the emphasis on the proviso found therein. The opening language in that paragraph provides for the termination of the trusts upon the attainment of the age of 21 years by testator's youngest great grandchild living at the time of his death. The proviso which introduces a condition, which must be read in conjunction with the initial declaration as to the termination of the trusts, is in the following language "provided, however, that should my said granddaughters Marie Edmonston and Catherine Virginia Ring, or either of them, be living upon the attainment of said age of 21 years by my youngest great grandchild living at the time of my death, then and in said event the trusts in this my said will created for the benefit of my said granddaughters, Marie Edmonston and Catherine Virginia Ring, shall continue for their respective benefits until their respective deaths." It will be noted that the condition upon. which the trusts were to continue after the attainment of the age of 21 years by testator's youngest great grandchild living at the time of his death has been met, for Catherine Virginia Ring is still alive. This fact makes the proviso controlling, and it must be held that the trusts will continue at least through the lifetime of Catherine Virginia Ring.

█ No circumstance has arisen which disturbs or alters the rights of Nettie W. Baker. She will continue to receive the annuity provided for her in the will, and the trusts may not be terminated to deprive her of its enjoyment.

Obviously it is unnecessary for this Court to speculate on the ultimate distribution of the corpus of the trusts, or to undertake to foresee who will be entitled to take under such distribution. Any questions with respect thereto seem premature.

The Motion for Judgment on the Pleadings is sustained. Counsel will present an Order consistent with what has been said herein, and with specific instructions that the trusts did not terminate on May 8, 1946, when Elizabeth Morton Ring attained the age of 21 years.